UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

COURTNEY W. THOMPSON,
on behalf of himself and
all others similarly situated,

    Plaintiff,

v.

MRS ASSOCIATES, INC.,
SAUL A. FREEDMAN, and
JEFFREY FREEDMAN,

    Defendants.
_____/

## CLASS ACTION COMPLAINT
### JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA").

### JURISDICTION AND VENUE

2. With respect to the claim under the FDCPA, this Court has federal question jurisdiction as the claim arises under federal law – the FDCPA.

3. With respect to the class claim under the TCPA, the Court has both diversity jurisdiction under 28 U.S.C. §1332(d)(2) and supplemental jurisdiction under 28 U.S.C. §1367 as the amount in controversy exceeds $5,000,000 and the

parties are diverse. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

4.  Plaintiff, COURTNEY W. THOMPSON, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida. Mr. Thompson is a "consumer" as defined in the FDCPA.

5.  Defendant, MRS ASSOCIATES, INC., ("MRS Associates") is a corporation and citizen of the State of New Jersey with its principal place of business at 1930 Olney Avenue, Cherry Hill, New Jersey 08003.

6.  Defendants, SAUL A. FREEDMAN and JEFFERY FREEDMAN, are co-chief executive officers of and 95% owners of MRS. They are citizens of the State of New Jersey. They control the policies and practices of MRS Associates regarding the TCPA and authorized those policies and practices complained of herein.

7.  Defendant, MRS Associates, regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8.  Defendant, MRS Associates, regularly collects or attempts to collect debts for other parties.

9.  Defendant, MRS Associates, is a "debt collector" as defined in the FDCPA.

10. Defendant, MRS Associates, is one of America's largest debt collectors. It employs approximately 400 individual debt collectors and acquires approximately 100,000 new accounts for collection every month which it attempts to collect by placing a series of approximately 150 telephone calls to each consumer.

11. Class damages under the TCPA exceed $5,000,000.

## FACTUAL ALLEGATIONS

12. Defendant, MRS Associates, sought to collect from Plaintiff an alleged debt arising from transactions entered into primarily for personal, family or household purposes.

13. Defendant, MRS Associates, left the following messages on Plaintiff's voice mail on his cellular telephone on or about the dates stated:

> October 16, 2009 at 12:19 PM – Pre-Recorded Message
> 09. Thank you. Hello. This is Thomas Richards. Your documents were brought to my attention this morning for review. Unfortunately, this has reached a point where I have to make a decision on your behalf. I would much rather discuss this with you now and give you a chance to get your information on the record before the final decision is made. This will directly affect you and I am more than willing to help you. Please contact me, Thomas Richards, at 877-553-3109. Thank you. Hello. This is Thomas Richards. Your documents were brought to my attention this morning for review. Unfortunately, this has reached a point where I have to make a decision on your behalf. I would much rather discuss this with you now and give you a chance to get your information on the record before the final decision is made. This will directly affect you and I am more than willing to help you. Please contact me, Thomas Richards, at 877-55.
>
> November 18, 2009 at 9:57 AM – Pre-Recorded Message

3

Your documents were brought to my attention this morning for review. Unfortunately, this has reached the point that I have to make a decision on your behalf. I would much rather discuss this with you now and give you a chance to get your information on the record before the final decision is made. This will directly affect you and I am more than willing to help you. Please contact me, Thomas Richards, at 877-553-3109. Thank you. Hello. This is Thomas Richards. Your documents were brought to my attention this morning for review. Unfortunately, this has reached the point that I have to make a decision on your behalf. I would much rather discuss this with you now and give you a chance to get your information on the record before the final decision is made. This will directly affect you and I am more than willing to help you. Please contact me, Thomas Richards, at 877-553-3109. Thank you.

14. The telephone messages cited in paragraph 10 are a uniform pre-recorded message and are one of Defendant, MRS Associates, standard messages used to collect debts from consumers.

15. Defendant, MRS Associates, typically places approximately 150 telephone calls to each person from whom it is attempting to collect a debt.

16. The telephone messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div*., Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

17. Defendant, MRS Associates, failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose Defendant's name.

18. Up to May 1, 2010, Defendant, MRS Associates, had a policy of failing to disclose its status as a debt collector and failing to disclose its name, in all telephone messages placed to consumers to collect debts.

19. Defendant, MRS Associates, used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

20. Plaintiff did not expressly consent to Defendant, MRS Associates, placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

21. Up to approximately June 1, 2010, Defendant, MRS Associates, had a policy of calling any telephone number it could obtain using an automatic telephone dialing system or a pre-recorded or artificial voice, and made no effort to determine if the number was a cellular number or if the recipient had consented to such calls.

22. During late 2009, Defendant, MRS Associates, learned, because of other suits against it, and the advice of its counsel, among other things, that its calling practices violated the TCPA, yet continued to violate the law and thus Defendant's violations of the TCPA were willing or knowing.

23. This suit addresses the practices and policies of Defendant, MRS Associates.

24. None of Defendant, MRS Associates, telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

25. Plaintiff incorporates Paragraphs 1 through 24.

26. Defendant, MRS Associates, failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

27. Plaintiff incorporates Paragraphs 1 through 24.

28. Defendant, MRS Associates, placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and thus the purpose of its communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc*., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); Wright v. Credit Bureau of Georgia, Inc., 548 F. Supp. 591,

6

593 (D. Ga. 1982); and <u>Hosseinzadeh v. M.R.S. Assocs.</u>, 387 F. Supp. 2d 1104 (D. Cal. 2005).

## COUNT III
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

29. Plaintiff incorporates Paragraphs 1 through 24.

30. Defendant, MRS Associates, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

## CLASS ACTION ALLEGATIONS

31. Plaintiff incorporates the foregoing paragraphs.

32. This action is brought on behalf of two classes: an FDCPA class and a TCPA class.

33. The FDCPA class is defined as:

    a. all Florida residents for whom Defendant, MRS Associates, left a telephone message in which it failed to disclose that the communication was from a debt collector or failed to disclose its name,

    b. in an attempt to collect a debt incurred for personal, family, or household purposes,

    c. during the one-year period prior to the filing of the complaint in this matter through May 1, 2010.

7

34. The TCPA class is defined as:

    a. all persons having cellular telephone service with Florida area codes to whom Defendant, MRS Associates, placed any call using an automatic telephone dialing system or an artificial or prerecorded voice,

    b. during the four-year period prior to the filing of the complaint in this matter through June 1, 2010.

35. As a result of Defendant, MRS Associates, negligent violations of 47 U.S.C. § 227 *et seq*, Plaintiff and the TCPA Class Members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

36. As a result of Defendant, MRS Associates, willful or knowing violations of 47 U.S.C. § 227 *et seq*, Plaintiff and the TCPA Class Members are entitled to an award of up to $1,000.00 in additional statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

37. Plaintiff alleges on information and belief based on the use of uniform telephone messages that the class is so numerous that joinder of all members is impractical.

38. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issues are:

    a.  whether Defendant, MRS Associates, messages violate the FDCPA

    b.  whether Defendant, MRS Associates, messages violate the TCPA and

    c.  whether Defendant, MRS Associates, is a debt collector.

 39. The claims of Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

 40. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling actions involving unlawful debt collection practices under the FDCPA, actions under the TCPA and class actions. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this action.

 41. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

    a.  The questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.

    b.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

 WHEREFORE, Plaintiff, COURTNEY W. THOMPSON, requests that the Court enter judgment in favor of himself and the FDCPA class and against

Defendant MRS ASSOCIATES, INC., and regarding the TCPA class against Defendant MRS ASSOCIATES, INC., SAUL A. FREEDMAN, and JEFFREY FREEDMAN for:

    a.    Certification of this matter to proceed as a class action;

    b.    Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B) for the FDCPA class;

    c.    Statutory damages pursuant to pursuant to 47 U.S.C. §227(b)(3) for the TCPA class;

    d.    A permanent injunction prohibiting Defendant, MRS Associates, from placing non-emergency calls to the cellular telephone of any person using an automatic telephone dialing system or pre-recorded or artificial voice without the prior express consent of the called party;

    e.    Attorney's fees, litigation expenses and costs of suit; and

    f.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

                          Respectfully submitted,

                          DONALD A. YARBROUGH, ESQ.
                          Attorney for Plaintiff
                          Post Office Box 11842
                          Fort Lauderdale, Florida 33339
                          Telephone: (954) 537-2000
                          Facsimile: (954) 566-2235

donyarbrough@mindspring.com

s/Donald A. Yarbrough
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

11